[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
The court issued a Memorandum of Decision in this matter dated April 8, 1999. Subsequently, both parties have sought clarification of portions of the court's Memorandum. Additionally, the defendant has moved to seal the file. The motion to seal is ordered to be placed on the calendar at the Hartford J.D. to be determined by a judge presently assigned. The undersigned is in possession of no unique information useful in deciding the motion to seal not otherwise available from a review of the file and argument of counsel.
The orders herein are in response to counsels' motions for clarification.
The defendant's motion is dated April 21, 1999 and the plaintiff's motion is dated April 27, 1999. They are granted as follows:
1. In ordering a Qualified Demostic Relations Order, it was the court's intent, and it is the court's order that the defendant receive a portion of the plaintiff's, vested entitlement to the Memorex plan. The court mistakenly identified the plan as relating to SunMicrosystems.
2. With respect to the division of proceeds from the sale of the house, counsel for the defendant is correct that the court erroneously transposed the terms "plaintiff" and "defendant". It was the court's intention, and it is the court's order that Mrs. O'Keefe receive 2/3rds and Mr. O'Keefe receive 1/3rd of the proceeds from the sale of the Stoner Drive property. With respect to the payment for the roof repair, it was the parties' agreement and it is the court's order that Mr. O'Keefe reimburse Mrs. O'Keefe the sum of $5,000 from his share. Thus, if the proceeds total $60,000, Mrs. O'Keefe is to receive the sum and $40,000 and Mr. O'Keefe is to receive the sum of $20,000. From his share, Mr. CT Page 5860 O'Keefe is to reimburse Mrs. O'Keefe $5,000 for the roof repair. Additionally, since the court ordered the payment by Mr. O'Keefe of $7,500 to Mrs. O'Keefe as an advance on its property distribution order, Mrs. O'Keefe owes Mr. O'Keefe reimbursement of one third of this amount, or $2,500, from her share of the house proceeds. Thus, assuming an escrow of $60,000, Mrs. O'Keefe is to receive $40,000 plus $5,000 less $2,500, for a net of $42,500, and Mr. O'Keefe is to receive the sum of $20,000 minus $5,000 plus $2,500, or $17,500.
3. With respect to the question of retroactivity of alimony, the court leaves this issue to the professionalism of counsel. While counsel for the defendant submitted what purports to be a telephone message from plaintiff's counsel in this regard, the court is unaware of any court order regarding retroactivity. If there was such an agreement, it may be bound by factors relating to integrity and professionalism, but it is not the proper subject for a court order.
So Ordered.
Bishop, J.